**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KEVIN LAMONT SHEPPARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-07-923 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

The Court has received Defendant's Post-Discovery Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 44). The Court has reviewed Defendant's Motion and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court DENIES Defendant's Motion.

## I. Factual Background

Plaintiff, Kevin Lamont Sheppard, files for negligence under the Federal Tort Claims Act, 28 U.S.C.A. § 1346. Plaintiff claims that he was unlawfully held by the Bureau of Prisons ("BOP") for ten months after United States District Judge Royce C. Lamberth ordered his immediate release. He claims that "the Federal Bureau of Prisons (BOP) and United States Marshall Service (USMS) were negligent in failing to ensure that he was timely released from incarceration." Plaintiff's Opposition, at 2. Plaintiff had been serving a 121 month sentence, but that sentence was shortened to "time served" after he provided assistance to the Government. Judge Lamberth granted the motion to shorten Plaintiff's sentence on December 2, 2002. Judge Lamberth ordered his immediate release, but Plaintiff was not released until October 7, 2003.

This case was originally filed in the United States District Court for the District of Columbia. On March 30, 2007, United States District Judge Reggie Walton dismissed the Complaint as to the USMS and transferred the remainder of the case to the District of Maryland. Plaintiff's remaining negligence claim under the Federal Tort Claims act is against the BOP.

## II. Parties' Arguments

### *a. Defendant's Argument*

Defendant argues that, as a matter of law, Plaintiff was contributorily negligent and is therefore barred from recovery. Defendant states that Plaintiff's attorney, Edwin Brown, represented Mr. Sheppard negligently and his negligence is imputed to Mr. Sheppard. Defendant contends that Mr. Brown was negligent when he did not communicate to Mr. Sheppard that Judge Lamberth shortened Mr. Sheppard's sentence to time served and ordered his immediate release from prison. Defendant argues that this omission was per se negligent because it violated the District of Columbia Rules of Professional Conduct, which provide the standard of care that lawyers owe their clients. Defendant further notes that in the District of Columbia, an attorney's actions are imputed to his client regardless of whether they run converse to that client's interests. "Mr. Brown's failure to comply with the District of Columbia Rules of Professional Conduct serves as an independent and sufficient basis for contributory negligence on the part of Plaintiff and, thus, as a bar to recovery on his claim." Defendant's Motion, at 7.

### *b. Plaintiff's Argument*

Plaintiff contends that Defendant has not met its summary judgment burden and that genuine issues of material fact remain in dispute. First, Plaintiff argues that the question of contributory negligence is a question for the fact-finder, and that acting in contravention to the District of Columbia Rules of Professional Conduct is not a per se violation of the duty an

attorney owes his client. Further, Plaintiff argues that "Defendant's argument presumes, without providing any authority, that it was the duty of Edwin Brown, defense counsel, to ensure that Plaintiff was released." Plaintiff's Opposition, at 6. Second, unlike the BOP, Mr. Brown did not violate any statutorily mandated duty. The BOP, however, violated its duties outlined in 28 C.F.R. §§ 524.12(b), 524.40, and 524.42. Third, citing Fed. R. Civ. P. 14(a), Plaintiff argues that "any negligence of Plaintiff's then criminal attorney, Edwin Brown, cannot be properly raised as contributory negligence on the part of the Plaintiff. Plaintiff submits that any issues of alleged negligence on the part of Edwin Brown must be raised in a third party claim against Mr. Brown." Plaintiff's Opposition, at 8.

## III. Analysis

Defendant has not met its Fed. R. Civ. P. 56 burden of establishing that there is no genuine dispute of a material fact in this case. Defendant has not demonstrated that, as a matter of law, Edwin Brown was negligent when he failed to inform Plaintiff of Judge Lamberth's resentencing and release order. Moreover, Defendant has not demonstrated that the presumed negligence of Plaintiff's counsel should be imputed to Plaintiff.

### *a. Choice of Law*

Plaintiff brings this case under the Federal Tort Claims Act which waives sovereign immunity for certain acts or omissions by the United States and its employees. The relevant clause provides:

> … the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances

> where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b)(1). The Federal Tort Claims Act does not provide a substantive cause of action. Rather, it provides a procedural remedy for individuals, whereby Courts apply applicable state law, not Federal law. See Carlson v. Green, 446 U.S. 14, 23 (1980); Id., at 29 (Powell, J., concurring). The law states that to sue successfully, a defendant must be liable "in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). In the present case, the alleged wrongs occurred in the District of Columbia. Plaintiff was both sentenced and re-sentenced in the District of Columbia, and notice of the resentencing and the release order were sent to the BOP in the District of Columbia. Plaintiff's Complaint, at 3. As such, District of Columbia law applies in this case. Although Plaintiff was held at the United States Penitentiary in Levenworth, Kansas, the BOP in Washington, D.C. received Judge Lamberth's order and its failure to act is the omission for which Plaintiff sues.

*b. Summary Judgment Standard*

Federal Rule of Civil Procedure 56 provides the standard for summary judgment. The rule provides that "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Essentially, "the moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Vital to this standard is that the disputed fact must be material; "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

(emphasis in original). A fact is "material" when the result of a dispute about it could affect the outcome of the suit under governing law. Id., at 248. A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The moving party must demonstrate that the non-moving party cannot make his case on more than just the pleadings; the non-moving party could not point to specific facts that would allow a reasonable jury to find in its favor. See Celotex Corp., 477 U.S. at 324 (1986).

To prevail on summary judgment, Defendant must demonstrate that there is no material issue of fact in dispute; that no reasonable jury could find for Plaintiff because he has not satisfied at least one element of his negligence claim; or the applicability of a complete affirmative defense as a matter of law.

*c. Contributory Negligence*

Defendant claims that Plaintiff is, as a matter of law, contributorily negligent because: 1) Mr. Brown was negligent in failing to inform Plaintiff that his sentence was shortened, and 2) Mr. Brown's negligence is imputed to Plaintiff. Defendant is correct in stating that the District of Columbia recognizes contributory negligence, defining it as "conduct which falls below the standard to which a plaintiff should conform for his own protection." Washington Metro. Area Transit Auth. v. Cross, 849 A.2d 1021, 1024 (D.C. 2004) (quoting Scoggins v. Jude, 419 A.2d 999, 1004 (D.C. 1980)). The party "asserting the defense of contributory negligence is required to establish, by a preponderance of the evidence, that the plaintiff failed to exercise reasonable care." Poyner v. Loftus, 694 A.2d 69, 71 (D.C. 1997). "[O]rdinarily, questions of negligence and contributory negligence must be decided by the trier of fact." Poyner, 694 A.2d at 71. Only in exceptional circumstances should contributory negligence be found as a matter of law. Id. "The issue of contributory negligence should not be submitted to the jury … where the evidence,

taken in the light most favorable to the plaintiff, establishes contributory negligence so clearly that no other inference can reasonable be drawn." Id. Defendant has not met this burden.

*d. Negligence and the District of Columbia Rules of Professional Conduct*

If Mr. Brown violated the District of Columbia Rules of Professional Conduct, the violation does not necessarily constitute negligence. Defendant argues that Mr. Brown violated Rule 1.4 which provides a standard for attorney communication with his client.[1] First, Defendant has not conclusively demonstrated that Mr. Brown violated the District of Columbia Rules of Professional Conduct. Whether he violated these rules is a factual question. Comment 3 in the Rules of Professional Conduct provides guidance on the standard for violating Rule 1.4. The comment states:

> [a]dequacy of communication depends in part on the kind of advice or assistance involved. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with (1) the duty to act in the client's best interests, and (2) the client's overall requirements and objectives as to the character of representation.

District of Columbia Rules of Prof'l Responsibility R. 1.4, Comment 3 (2007). Determining whether a violation occurred is certainly a factual inquiry and might be one based on the subjective belief of the client, Mr. Sheppard.[2]

If Mr. Brown violated the District of Columbia Rules of Professional Conduct, violation of the Rules of Professional Conduct *may* mark negligence, but violation of these Rules "does not per se, 'constitute a breach of the attorney's common law fiduciary duty to the client.'"

---

[1] Rule 1.4 of the District of Columbia Rules of Professional Responsibility states "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; (c) A lawyer who receives an offer of settlement in a civil case or proffered plea bargain in a criminal case shall inform the client promptly of the substance of the communication."

[2] It is certainly plausible that a jury could find that, based on Mr. Sheppard's deposition testimony, Mr. Sheppard did not expect any communication from Mr. Brown. Defendant's Motion, Exhibit 2, at 57-58.

Television Capital Corp. of Mobile v. Paxson Commc'n. Corp., 894 A.2d 461, 469 (D.C. 2006) (Plaintiff did not make out a prima facie case of professional negligence because it did not offer expert testimony to testify to the applicable standard of care or the types of actions that would constitute breach of the standard of care) (quoting Griva v. Davison, 637 A.2d 830, 846-47 (D.C. 1994)). "[C]ase law confirms that a violation of the Code of Professional Responsibility or of the Rules of Professional Conduct can constitute a breach of the attorney's common law fiduciary duty to the client." Id. The type of violation appears relevant to whether a violation is a per se breach of an attorney's duty to his client. Cf. Jacobson v. Oliver, 555 F. Supp. 2d 72, 88 (D.D.C. 2008) (in providing equitable relief the Court stated "not *every* violation of *every* ethical rule constitutes a breach of fiduciary duty" that requires relief; some violations may demonstrate a breach, while others may not). Whether Mr. Brown's alleged violation demonstrates a breach remains a factual question.[3]

*e. Outrageous Conduct Exception*

Defendant is correct in asserting that "[i]n the District of Columbia and generally, the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause." Newsome v. District of Columbia, 859 A.2d 630, 631 (D.C. 2004) (quoting Levi v. District of Columbia, 697 A.2d 1201, 1205 (D.C. 1997)). An exception to this rule is made for "outrageous conduct" by the attorney. See Newsome, 859 A.2d at 631; Lynch v. Meridian Hill

[3] Plaintiff mistakenly claims that "any issues of alleged negligence on the part of Edwin Brown must be raised in a third party claim against Mr. Brown" under Fed. R. Civ. P. 14. Plaintiff's Opposition, at 8. There is no indication that Mr. Brown could be held liable to the Bureau of Prisons under Fed. R. Civ. P. 14. The issue of Mr. Brown's alleged negligence is an appropriate factual question for the jury without joining Mr. Brown as a party. Mr. Brown's joinder would be inappropriate because: 1) he is not liable to the Bureau of Prisons in a third party claim, and 2) the statute of limitations has run on claims of negligence that Plaintiff could have against him.

Studio Apts., Inc., 491 A.2d 515, 519 (D.C. 1985) (forgetting a filing deadline does not amount to outrageous conduct for the purposes of this exception).[4]

Assuming *arguendo* that Mr. Brown was negligent, whether his conduct was so egregious that it falls into the "outrageous conduct" exception is a material issue of fact for the fact-finder to determine. If Mr. Brown's conduct was "outrageous" under the exception, then his negligence could not be imputed to Plaintiff, and therefore contributory negligence would not bar Plaintiff from recovery. Even if Mr. Brown's conduct was negligent, but not "outrageous," it may be that his conduct is imputed to Plaintiff for some, but not all, of the period of his delayed release.

## IV. Conclusions

Material questions of fact remain in dispute in this case. The fact-finder remains responsible for determining the following: (1) whether Mr. Brown was negligent in representing Mr. Sheppard; (2) if Mr. Brown was negligent, whether his actions/omissions can be imputed to Mr. Sheppard; and (3) if Mr. Brown was negligent, whether his actions/omissions amounted to "outrageous conduct." Defendant has not met its burden under Federal Rule of Civil Procedure 56 standard for summary judgment, and therefore the Court DENIES Defendant's Motion.

/s/
Charles B. Day
United States Magistrate Judge

CBD/ec

[4] After brief review of relevant case law, it appears that this case could fall under the "outrageous conduct" exception. While forgetting a filing deadline is not "outrageous conduct," "an attorney's gross negligence will not ordinarily be imputed to the client." Lynch, 491 A.2d at 520 n. 8 (citing Clark v. Moler, 418 A.2d 1039, 1042 (D.C. 1980)). However, there is the possibility that gross negligence can be imputed to a client if the client knew or should have known about the negligence and did nothing to remedy it. See Joseph v. Parekh, 351 A.2d 204, 206 (D.C. 1976). Additionally, when an attorney is negligent and the client fails to keep in touch with the attorney about the case, this may also impute the attorney's negligence to the client. Bond v. Wilson, 398 A.2d 21, 24-25 (D.C. 1979). The case law suggests that whether the attorney's negligence is imputed to the client is a factual inquiry, requiring more information and a more thorough briefing of the law.